**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY SMITH,<br><br>                Plaintiff,<br><br>     v.<br><br>FIRSTSOURCE FINANCIAL SOLUTIONS LLC,<br><br>                Defendant. | Case No. CV 10-06706 DMG (PJWx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT JS6** |

On August 13, 2010, Plaintiff Anthony Smith filed a small claims action in Los Angeles County Superior Court against Defendant Firstsource Financial Solutions LLC. Plaintiff's Claim states only that "Defendant illegally reported a negative trade line on [Plaintiff's] credit report" and that Defendant owes Plaintiff $7,500 for "defamation, personal injury, [and] financial injury." (Notice of Removal, Ex. A at 2.) On September 9, 2010, Defendant removed this case to federal court on the basis of federal question jurisdiction. See 28 U.S.C. §§ 1331, 1441(b). Specifically, Defendant contends that this action involves a federal question under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. (Notice of Removal ¶ 12.) On September 20, 2010, the Court issued an Order to Show Cause ("OSC") why this action should not be remanded as improperly removed. Defendant filed its Response on September 27, 2010.

-1-

The gravamen of Plaintiff's Claim is that Defendant improperly furnished information to a credit reporting agency that adversely impacted Plaintiff's credit rating. Although the FCRA generally preempts such claims, *see* 15 U.S.C. § 1681t(b)(1)(F), it expressly does not preempt claims brought under California Civil Code section 1785.25(a), which provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." *See* 15 U.S.C. § 1681t(b)(1)(F)(ii); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1173 (9th Cir. 2009).

Defendant concedes that claims arising under California Civil Code section 1785.25(a) are exempt from FCRA preemption but asserts that Plaintiff's Claim implicates other, non-exempt sections of California's Civil Code that are preempted. "Based on the language of Plaintiff's claim," Defendant argues, "the 'illegal' behavior can be construed a number of ways." (Response at 4.) While this may be true, it is immaterial. The removal statute is strictly construed, and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). Under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hall v. N. Am. Van Lines, Inc*, 476 F.3d 683, 687 (9th Cir. 2007). Although a plaintiff may not artfully plead his complaint, omitting necessary federal questions in order to defeat removal, a complaint is not artfully pled unless "a federal statute has *completely* preempted that particular area of law." *Id.* (emphasis added); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1246 (9th Cir. 2009) (finding removal improper and ordering case remanded to state court where state cause of action not completely preempted by federal law).

Here, it is not apparent from the face of the Claim that Plaintiff intends to invoke any questions of federal law and the FCRA does not completely preempt Plaintiff's state-

1  law action.  Accordingly, this action is hereby REMANDED to the small claims
2  department of Los Angeles County Superior Court.

4  **IT IS SO ORDERED.**

6  DATED:      September 30, 2010

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE